## AMERICAN CAST IRON PIPE CO. v. ATLANTIC, GULF & PAC. S. S. CORPORATION.

(District Court, S. D. Florida. September 29, 1924.)

No. 1536.

Commerce ⬄21—Interstate Commerce Act not applicable to contract to furnish ships for transportation from Mobile to Pacific Coast.

Interstate Commerce Act (Comp. St. § 8563 et seq.) *held* inapplicable to contract to furnish ships for transportation from Mobile to Pacific Coast, in absence of continuous shipment or through bill of lading from inland point.

In Admiralty. Libel by the American Cast Iron Pipe Company against the Atlantic, Gulf & Pacific Steamship Corporation. On exceptions to amended libel. Overruled.

Pillians, Cowley & Gresham, of Mobile, Ala., and Scott M. Loftin and Robt. H. Anderson, both of Jacksonville, Fla., for libelant.

Kay, Adams & Ragland, of Jacksonville, Fla., for respondent.

CALL, District Judge. In this cause the amended libel is filed to recover damages alleged to have accrued by reason of the breach of a contract to furnish ships to transport iron pipe from the port of Mobile to certain Pacific ports. Under the Interstate Commerce Act (Comp. St. § 8563 et seq.), such a contract is exempt from its operation.

There is nothing in the amended libel to show that the shipment was to be a continuous one from Birmingham to the Pacific Coast, or that a through bill of lading was issued by the carrier receiving the iron pipe for transportation to Mobile. On the other hand, it seems to me that the allegations of the amended libel, when properly construed, allege that, in so far as the transportation of the iron pipe is by water, the shipment originates at Mobile. The terms of the Interstate Commerce Act do not apply to the contract alleged in the pleading. The exceptions, in so far as they go to the cause of action, rely upon the terms of this act and the acts amendatory thereto for their force.

Any question of damages may be settled upon the final hearing of the cause, after proofs are taken.